### Luis Puig, Petitioner, *v.* District Court of San Juan, Respondent.

No: 735.    Argued November 24, 1930.—Decided November 28, 1930.

*Pellón & Ayuso* for petitioner.    *Angel A. Vázquez* for defendants in the main action.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This case involves the construction of section 5 of Act No. 10, approved April 29, 1921, establishing special proceedings in the municipal courts of Puerto Rico, and for other purposes, which reads as follows:

"Section 5.—From such judgments as the municipal court may render, an appeal may be taken to the proper district court within ten days after service of notice on the losing party. Within five days after an appeal has been taken the secretary shall forward the original records in the case to said district court, which shall proceed to a trial *de novo*, subject to the procedure herein established and also irrespective of the calendar."

An appeal having been taken to the District Court of San Juan by the defendant in an action prosecuted by Eugenio Méndez against Luis Puig in the Municipal Court of San Juan, under said Act No. 10 of 1921, the amount in controversy not exceeding one hundred dollars, the original record was sent up to the appellate court on September 2, 1930, the date on which the appeal had been taken.

Twenty days thereafter the plaintiff-appellee moved the

district court to dismiss the appeal because a reading of the calendar had taken place on September 19, 1930, and the defendant-appellant had failed to apply for the inclusion of the case in such calendar, contrary to the requirements of subdivision (*b*) of section 3 of the Act of 1908, to regulate appeals from judgments of municipal courts in civil cases, as amended by Act No. 93 of 1917, which provides:

"(*b*) In case the appellant fails to solicit the inclusion of the action in the calendar, the district judge shall dismiss the action, taxing the costs upon the appellant and the secretary shall immediately forward the case to the lower court for the execution of the judgment appealed from."

The court heard both parties and on the 11th of last October rendered a decision in favor of the plaintiff-appellee. It seems advisable to transcribe the following from that decision:

"It is true that the present appeal has been taken under Act No. 10 of 1921 and it is alleged by the defendant-appellant that, as there is a special law involved, the provisions of the general law governing appeals from judgments of municipal courts do not apply; but it is the opinion of this court that, inasmuch as Act No. 10 was enacted for the purpose of rendering more speedy the proceedings to which it applies, when the said general law mentions the inclusion of said appeal in the calendar it must refer to the first calendar of cases to be heard by the court. Such was the view expressed by this court in its decision in case No. 12928, Francisco Larrazabal v. Rogelio de León, dated August 23, 1930, dismissing the appeal there involved on a motion submitted by the appellee, based on grounds similar to those urged in the present case."

Thereupon the defendant-appellant filed a motion for reconsideration, which was denied. He then applied to this court through a petition in certiorari. As the present is a very important question of procedure, the writ was issued and a hearing set for the 24th of the present November. Both parties appeared and were heard in this court.

In our opinion, the district court evidently erred in applying to the special proceeding referred to in Act No. 10 of 1921

the rules prescribed by the Act of 1908, regulating appeals from municipal courts to district courts, thereby contravening not only the spirit but also the letter of section 5 of said Act No. 10 of 1921.

This conclusion becomes still more manifest if we consider section 4 of the latter act, which reads:

"Section 4.—The hearing shall be held irrespective of the calendar, on request of the plaintiff and upon service of notice to the defendant, if the latter has appeared, and the court shall render such judgment as may be proper on the same day of the hearing or on the day following."

It will thus be seen that, in the interest of the speed and simplification with which the legislator sought to impress the claims to which the said act refers, the requirement of the regular order on the docket was expressly omitted, both in the court of original jurisdiction and in the appellate court. And if the statute expressly provides that both the first trial as well as the hearing on appeal shall be held irrespective of the calendar, how is an appeal to be dismissed because the appellant failed to apply for its inclusion in the calendar? As we have previously stated, the error of the court is evident.

The order of the District Court of San Juan of October 11, 1930, must be set aside and the case remanded to the said court for further proceedings in accordance with the law.

Mr. Justice Texidor took no part in the decision of this case.